The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY SMITH, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendants. | No. 2:25-cv-01478<br><br><u>CLASS ACTION</u><br><br>DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO STRIKE CLASS ALLEGATIONS<br><br>NOTE ON MOTION CALENDAR: November 12, 2025<br><br>ORAL ARGUMENT REQUESTED |



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Pursuant to Rule 201 of the Federal Rules of Evidence, Valve Corporation ("Valve") hereby respectfully requests that the Court take judicial notice of Exhibits 1 through 9 attached to the Declaration of Blake Marks-Dias ("Marks-Dias Declaration") and submitted in support of Valve's Motion to Dismiss or in the Alternative to Strike Class Allegations ("Motion"), which are true and correct copies of the following documents:

Exhibit 1: A true and correct copy of Mason LLP's Uniform Commercial Code ("UCC") Financing Statement, dated July 10, 2023.

Exhibit 2: A true and correct copy of Mason LLP's UCC Financing Statement Amendment, dated May 9, 2025.

Exhibit 3: A true and correct copy of an email from Cheryl Florio, Director of ADR Operations at the American Arbitration Association ("AAA"), to counsel for Claimants and Respondent, dated May 15, 2025.

Exhibit 4: A true and correct copy of the complaint filed on May 2, 2025 in the action captioned *Welty v. Valve Corp.*, No. 25-cv-00696-SAB (E.D. Cal.) (the "*Welty* Action").

Exhibit 5: A true and correct copy of the Motion To Transfer filed by Valve on July 18, 2025 in the *Welty* Action.

Exhibit 6: A true and correct copy of the Motion for Sanctions filed by claimant Ryan Lally on June 11, 2025 in the action captioned *In re Valve Antitrust Litigation*, No. 21-cv-00563-JNW (the "*In re Valve* Action").

Exhibit 7: A true and correct copy of Valve's Opposition to the Motion for Sanctions filed on June 26, 2025 in the *In re Valve* Action.

Exhibit 8: A true and correct copy of the AAA Consumer Arbitration Rules (Amended and Effective September 1, 2014), publicly available at https://www.adr.org/media/tiifv2ft/consumer_rules_web.pdf.

Exhibit 9: A true and correct copy of the AAA Mass Arbitration Supplementary Rules (Amended and Effective August 1, 2023), publicly available at



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

https://www.adr.org/media/zn5aep4s/supplementary_rules_mass_arbitration.pdf.

**REQUEST FOR JUDICIAL NOTICE**

Both "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. . . . permit district courts to consider materials outside a complaint" when evaluating a motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Valve respectfully requests that the Court consider Exhibits 1 through 9 to the Marks-Dias Declaration because each Exhibit is either incorporated by reference into the operative complaint ("Complaint") or subject to judicial notice.

## I. THE COURT SHOULD CONSIDER EXHIBIT 3 BECAUSE IT IS INCORPORATED BY REFERENCE IN THE COMPLAINT

In ruling on a motion to dismiss, the "incorporation by reference doctrine. . . . permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original) (citation omitted), *superseded by statute on other grounds*; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[T]o '[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." (alterations in original) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998))); *Johnson v. Costco Wholesale Corp.*, 2019 WL 6327580, at *11 (W.D. Wash. Nov. 26, 2019).

"[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1003. It "treats certain documents as though they are part of the complaint itself," and, in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. The Court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

plaintiff's claim." *Id.* (citation omitted).

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," the "defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

Exhibit 3 is an email from the AAA, which states: "Regarding the 14,911 cases for which Respondent did not remit the AAA Case Management fees, the AAA will place these cases in abeyance pending a Court's Ruling in accordance with Claimants' request." (Ex. 3.) Plaintiff relies on and repeatedly refers to Exhibit 3 in the Complaint, and it forms the basis for Plaintiff's claim. Plaintiff alleges that the "AAA has placed Plaintiff Smith and the rest of the 14,911 arbitrations on hold abeyance to allow these arbitration claimants to seek relief from Valve's refusal to arbitrate and pay arbitration fees from the Courts." (Compl. ¶ 51.) Plaintiff further alleges that the "AAA's response to Valve's non-payment has been to hold Plaintiff Smith's and the Class Members' arbitration cases in abeyance to allow Claimants to seek redress for Valve's refusal to pay arbitration fees through the Courts." (*Id.* ¶ 75.) Plaintiff's allegations omit that the AAA placed the arbitrations "in abeyance" at "Claimants' request," not because the AAA required this Court's guidance. This Court may consider the entirety of Exhibit 3 for a complete understanding of the facts.

## II. <u>THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-2 AND 4-9</u>

Rule 201 of the Federal Rules of Evidence provides that a fact is subject to judicial notice if it is one not subject to reasonable dispute in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), *superseded by statute on other grounds*. Exhibits 1-2 and 4-9 are properly subject to judicial notice.

The Court may take judicial notice of Exhibits 1-2 and 4-9 because they are public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because the contents of public records are not in dispute, courts routinely take judicial notice of what public records contain or what those documents state. *See Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010). As shown below, Exhibits 1-2 and 4-9 are precisely the types of documents of which courts in this Circuit have frequently taken judicial notice.

*First*, the Court can take judicial notice of Exhibits 1 and 2, which are Mason LLP's UCC Financing Statements, because they are a matter of public record. *See LBF Travel Mgmt. Corp. v. DeRosa*, 2021 WL 5303862, at *4 (S.D. Cal. Nov. 15, 2021) (taking judicial notice of a Delaware Department of State UCC Financing Statement); *Gahan v. Wells Fargo Bank, N.A.*, 2019 WL 3426236, at *2 (W.D. Wash. July 30, 2019) (granting defendant's request for judicial notice in full where exhibits were "subject to judicial notice because they are official public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

*Second*, the Court can take judicial notice of Exhibits 4 through 7, which are all publicly available court filings. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (citation omitted); *see also Falls v. Soulbound Studios LLC*, 2022 WL 16732717, at *1 n.1 (W.D. Wash. Aug. 4, 2022) (Fricke, J.) ("This Court takes judicial notice of Judge Stephen Wilson's opinion."), *report and recommendation adopted*, 2022 WL 4733273 (W.D. Wash. Oct. 3, 2022), *aff'd*, 2023 WL 7042528



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(9th Cir. Oct. 26, 2023); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.") Here, Exhibits 4 through 7 are documents filed in proceedings pending in this District and in the Eastern District of California. These proceedings are directly related to the matters at issue in this action because they are brought by the same counsel on behalf of claimants seeking the same relief as in this action.

*Third*, the Court can judicially notice Exhibits 8 and 9, which are copies of the AAA Consumer Arbitration Rules and Mass Arbitration Supplementary Rules that are publicly available online. Indeed, the Consumer Arbitration Rules are referenced in the superseded Steam Subscriber Agreement and the AAA is generally discussed throughout the Complaint. (*See* Compl. Ex. A at § 11(C); *see e.g.*, Compl. ¶¶ 29-31, 34-37, 39-44, 46-48, 50-52, 55.) "The rules of the [AAA] are the proper subject of judicial notice because they can be readily determined from a source whose accuracy cannot reasonably be disputed." *Hong Kong Cont'l Trade Co. v. Nat. Balance Pet Foods, Inc.*, 2023 WL 2664246, at *3 (C.D. Cal. Mar. 28, 2023); *see also Torres v. Secure Commc'n Sys., Inc.*, 2020 WL 6162156, at *3 (C.D. Cal. July 25, 2020) ("The Court takes judicial notice of the AAA Rules because the document contains facts that 'are not subject to reasonable dispute' because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (citation omitted)); *Esguerra-Aguilar, Inc. v. Shapes Franchising, LLC*, 2020 WL 3869186, at *2 (N.D. Cal. July 9, 2020) (taking judicial notice of AAA "Commercial Arbitration Rules and Mediation Procedures"); *Wilson v. United Health Grp., Inc.*, 2012 WL 6088318, at *4 n.4 (E.D. Cal. Dec. 6, 2012) (taking judicial notice of the AAA Rules because the "AAA Rules are easily available through the AAA's website," a "Google search of 'AAA Rules' shows that the AAA Rules appear first in the search results," and "[o]ther federal courts have taken judicial notice of the AAA Rules pursuant to Fed.R.Evid. 210.").

Upon proper notice, the Court is required to take judicial notice of the Exhibits listed above. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

court is supplied with the necessary information.”). Here, Valve has requested judicial notice and furnished the Court with the necessary information.

## III. CONCLUSION

For the foregoing reasons, Valve respectfully requests that the Court consider, in ruling on Valve’s Motion, the Exhibits attached to the Marks-Dias Declaration, filed herewith.



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: October 14, 2025

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Pro Hac Vice Forthcoming*
Meredith C. Slawe, *Pro Hac Vice Forthcoming*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Defendant Valve Corporation*