THE HON. JAMAL N WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**JEFFREY SMITH**, on behalf of himself and all persons similarly situated,

Plaintiff,

v.

**VALVE CORPORATION**,

Defendant.

Case No. 2:25-cv-01478-JNW

**DECLARATION OF GARY E. MASON PURSUANT TO FED. R. CIV. P. 56(d) IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**



**MASON LLP**
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

I, Gary E, Mason, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am counsel for Plaintiff in this action. I make this declaration based on personal knowledge in support of Plaintiff's opposition to Defendant's motion for summary judgment.

2. This declaration is made pursuant to Fed. R. Civ. P. 56(d) because Plaintiff cannot at this time present facts essential to justify opposition to summary judgment without further discovery.

3. **Factual Disputes and Complaint Timeline:** The operative complaint alleges that—while the prior Steam Subscriber Agreement ("Prior SSA"), including an arbitration clause, was in effect—thousands of arbitration demands were submitted to the AAA, and Valve then breached the arbitration provision and the duty of good faith and fair dealing by refusing to pay AAA fees. Valve claims entitlement to summary judgment based on a subsequently implemented revised SSA, purporting to eliminate arbitration rights without opt-out and requiring retroactive acceptance as a condition of continued access to prior purchases.

4. **Why Essential Facts Are Unavailable:** Plaintiff cannot presently present admissible evidence regarding (a) how, when, or with what disclosure Valve revised the SSA; (b) what motivated Valve's amendment and its application to accrued rights; (c) the circumstances of Plaintiff Smith's alleged assent or the alleged opt-out process; or (d) the full extent of communications with AAA regarding mass arbitration demands and invoices. All relevant evidence is exclusively in Defendant's possession, custody, or control.

5. **Why Discovery Is Needed:** These facts are material for resolving genuinely disputed issues of (a) contract formation and assent, (b) unconscionability and illusory modification, (c) motive, pretext, and good faith, and (d) the scope, enforceability, and retroactivity of the revised SSA.

6. **Categories of Evidence Sought:**

A. All versions, drafts, and redlines of the SSA, change logs, effective-date records, and internal/external correspondence regarding their approval and implementation.



MASON LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

B. Records showing how, when, and to whom the revised SSA was presented; all logs and communications about user notice, opt-out provisions, and click-through acceptance (including server logs, database records, timestamps, and emails).

C. Communications between Valve and the AAA (or any arbitration provider) about fee notices, administrative invoices, payment/refusal decisions, and related accounting records.

D. Documents or communications, board minutes, memos, analyses, financial documents, concerning rationale motive, intent and justification for SSA modification and retroactive application.

E. All communications between Valve and its subscribers regarding its revisions to the SSA in September of 2024.

F. All public statements by Valve or its agents regarding any changes to its arbitration agreement in September of 2024,

G. All documents and communications regarding the number and timing of arbitration notices received by Valve and number and timing of all arbitration claims filed against Valve, and any discussions of Valve's actual or anticipated exposure for arbitration fees for all filed and potential arbitration cases, and any strategies to prevent the arbitrations from proceeding, to prevent additional arbitrations claims from being brought in arbitration and/or to evade or avoid the payment of arbitration fees.

H. All documents and communications discussing Valve's decision to revises its SSA to remove the arbitration provisions.

I. All Valve communications and records regarding Plaintiff Smith, including account activity, purchase history, arbitration claims, and records of alleged acceptance of the revised contract.


MASON LLP
5335 Wisconsin Ave. NW, Ste. 640
Washington, DC 20015
Tel: (202) 429-2290

7. **Discovery Is Needed Before Summary Judgment:** The facts sought are directly material to Plaintiff's opposition and go to the core of whether contract formation and assent were real, whether the contract change was procedurally and substantively unconscionable, and whether Valve acted for a pretextual or bad-faith motive. No equivalent evidence is publicly available; all is uniquely in Defendant's possession.

8. **Relief Sought:** Plaintiff respectfully requests that the Court defer or deny summary judgment under Fed. R. Civ. P. 56(d), permit limited and focused discovery on the categories specified above, allow related Rule 30(b)(6) depositions, and set appropriate deadlines for completion and for supplemental briefing.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

Executed on November 4, 2025, in Bethesda, Maryland.

Respectfully submitted,

**Mason LLP**
Gary E. Mason (*pro hac vice*)
Danielle L. Perry (*pro hac vice*)
Theodore B. Bell (*pro hac vice*)
Jacob D. Eisenberg (*pro hac vice*)
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Tel.: (202) 429-2290
Email: gmason@masonllp.com
Email: dperry@masonllp.com
Email: tbell@masonllp.com
Email: jeisenberg@masonllp.com

*Counsel for Plaintiff Jeffrey Smith and the proposed Class*