THE HON. JAMAL N WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**JEFFREY SMITH**, on behalf of himself and all persons similarly situated,

Plaintiff,

v.

**VALVE CORPORATION**,

Defendant.

No. 2:25-cv-01478-JNW

**RESPONSE TO VALVE'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF VALVE'S MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR:**
November 12, 2025

In support of its Motion to Dismiss[1] Plaintiff Jeffery Smith's ("Plaintiff Smith") Class Action Complaint (ECF No. 13; the "Motion"), Defendant Valve Corporation ("Valve") requests that this Court consider several documents extrinsic to the Complaint by taking them under judicial notice or through the doctrine of incorporation-by-reference (ECF No. 15; the "Request"). While Plaintiff Smith agrees that certain documents subject to Valve's Request are appropriate for this Court to include in its consideration of the Motion, others are either irrelevant to the disposition of

[1] Or, alternatively, a Motion for Summary Judgement or a Motion to Strike Class Allegations.



**MASON LLP**
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

the issues Valve raises in its Motion or applied by Valve in a manner inappropriate for judicial notice. Plaintiff Smith respectfully urges this Court to deny Valve's Request with respect to irrelevant and inappropriately applied documents, identified and discussed *infra*.

The Court should then exclude from its consideration of the Motion any material subject to the Request that it does not judicially notice. *See Dreamdealers USA, LLC v. Lee Poh Sun*, No. 2:13-CV-1605, 2014 WL 3919856, at *2–3 (D. Nev. Aug. 12, 2014) (discussing courts' discretion to exclude extraneous materials presented in a 12(b)(6) motion rather than converting the motion to a motion for summary judgement).

## I. UNOPPOSED EXHIBITS

Plaintiff Smith does not oppose the Court taking judicial notice of Exhibit 8, the American Arbitration Association ("AAA") Consumer Arbitration Rules (amended and effective Sept. 1, 2014)[2], nor Exhibit 9, the AAA Mass Arbitration Supplementary Rules (amended and effective Aug. 1, 2023).

However, as discussed in Plaintiff's Opposition to Valve's Motion to Dismiss, these AAA rules were modified by the parties' arbitration agreement in the Steam Subscriber Agreement to allocate all arbitration fees and costs to Valve. *See* Opp. at 9–11. Therefore, Exhibits 8 and 9 should not be judicially noticed as precisely the rules that were to govern the arbitrations as written but as the rules subject to modification by the arbitration agreement.

## II. THE COURT SHOULD EXCLUDE VALVE'S MISUSE OF EXHIBIT 3

Exhibit 3 is a copy of a May 15, 2025, email from AAA to the parties, which Valve requests this Court consider under the doctrine of incorporation-by-reference. ECF No. 15 at 3–4.

---

[2] Each of the documents subject to the Request are exhibits to the Declaration of Blake Marks-Dias, dated October 14, 2025, ECF No. 16.

While Plaintiff Smith agrees that Exhibit 3 is appropriate to incorporation-by-reference, Valve uses Exhibit 3 to introduce facts that are neither alleged by the Complaint nor supported by the document and should therefore be excluded. Valve's Request states that Exhibit 3 clarifies that "the AAA placed the arbitrations in 'abeyance' at 'Claimants' request,' not because the AAA required this Court's guidance." Request at 4:19–21. Valve makes that point in the Motion's factual background, citing Exhibit 3. Motion at 13:22–24. But the AAA email proffered as Exhibit 3 does not support Valve' in any way establish the narrative Valve asserts.

## III. EXHIBITS 1, 2, AND 4–7 ARE IRRELEVANT TO THE MOTION

Valve's Request asserts that this Court is "required to take judicial notice" of the remaining Exhibits, 1, 2, and 4–7, as they meet the two-pronged test of Federal Rule of Evidence 201(b). To the contrary, "irrelevant evidence is not admissible." Fed. R. Evid. 401. "[J]udicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court." *Kuzmenko v. Lynch*, 606 F. App'x 399 (9th Cir. 2015) (citing *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998)). The remaining Exhibits are irrelevant to the disposition of the issues presently before this Court and so this Court should deny Valve's Request that they be subject to judicial notice and exclude material from the Motion that relies on those documents without appearing in the Complaint.

### a. Exhibits 1 & 2: Mason LLP Financing Statements

Valve only cites Exhibits 1 & 2 in the preliminary statement of its Motion, and apparently only to attempt to impugn Plaintiff's counsel. Motion at 7 ("The true purpose of this action is to further Mason's scheme . . . "; "Mason seeks to conscript this Court in that improper scheme"). Neither these exhibits nor the allegations appear anywhere near Valve's legal argument. And Valve's Request lacks any explanation for why these exhibits are relevant to the disposition of the issues in the Motion, contrasting with the apology it provides for other exhibits.

### b. Exhibits 4–6: Related Court Filings by Plaintiff's Counsel



MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

Valve proffers as Exhibit 4 a class action complaint filed against it in California under the California Arbitration Act, which has since been transferred to this Court; as Exhibit 5, Valve's motion to transfer the just-mentioned action; and as Exhibit 6, a motion for sanctions filed against Valve in *In re Valve Antitrust Litig.*, No. 21-cv-00563-JNW (W.D. Wash.), ECF No. 467.

While Exhibits 4–6 are copies of filings in cases related to the instant action, they are not relevant to the disposition of the issues raised in Valve's Motion. As with Exhibits 1 and 2, Valve employs Exhibits 4–6 to attempt to impugn Plaintiff's counsel, but not in any way to support its legal argument. *See* Motion at 7.

**c. Exhibit 7: Valve's Opposition to Sanctions**

Valve proffers as Exhibit 7 its opposition brief to the motion for sanctions filed in the *In re Valve* action. Valve's uses Exhibit 7 to support 'facts' discordant with the bases for judicial notice. Excluding those uses, Exhibit 7 is irrelevant to issues presented by the Motion and therefore inappropriate for judicial notice.

In considering whether to judicially notice a document, "[a] court must also consider—and identify—which fact or facts it is noticing . . . " *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* A fact is subject to judicial notice if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Valve's Motion uses Exhibit 7 twice. First, to state a broad legal conclusion. Motion at 13:9–10 ("Lally's motion is without merit for the reasons set forth in Valve's opposition . . . "). Second, to assert facts that are drawn from its internal records. Motion at 23, n.4 ("Because Lally had not logged into his account and had not otherwise accepted the terms of the Current SSA, Valve agreed to proceed with arbitration with Lally under the Superseded SSA.") Neither use is remotely appropriate for judicial notice.



MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Jeffrey Smith respectfully requests that this Court exclude from Valve's Motion Valve's proffered Exhibits 1, 2, and 4–7 and associated materials, as well as inappropriate material associated with Exhibit 3.

DATED this 4th day of November, 2025.


MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

I certify that this memorandum contains 1423 words, in compliance with the Local Civil Rules.

Respectfully submitted,

By: */s/ Gary E. Mason*
**MASON LLP**
Gary E. Mason (*pro hac vice*)
Theodore B. Bell (*pro hac vice* )
Danielle L. Perry (*pro hac vice*)
Jacob D. Eisenberg (*pro hac vice*)
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
Email: gmason@masonllp.com
Email: tbell@masonllp.com
Email: dperry@masonllp.com
Email: jeisenberg@masonllp.com

*/s/ Michael C. Subit*
**FRANK FREED SUBIT & THOMAS LLP**
Michael C. Subit, WSBA No. 29189
Hoge Building
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

*Local Counsel for Plaintiff*