The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY SMITH, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | No. 2:25-cv-01478<br><br>CLASS ACTION<br><br>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS<br><br>NOTE ON MOTION CALENDAR: November 12, 2025<br><br>ORAL ARGUMENT REQUESTED |



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ........ 6

II. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE RELIEF PLAINTIFF SEEKS IS NOT AVAILABLE ........ 7

A. This Court Lacks Authority To Grant Plaintiff's Requested Relief Because Fee Disputes Are Procedural and Solely Within the Purview of the AAA ........ 7

1. The FAA Forecloses Plaintiff's Claims Because the FAA Does Not Authorize Courts To Address Fee Disputes and Other Questions of Arbitration Procedure ........ 7

2. State Law Does Not Apply Here, Nor Does It Provide Plaintiff With Any Basis for Relief ........ 10

B. Plaintiff Cannot Plead a Breach of Any Arbitration Agreement Because the Complaint Admits that Valve Has Arbitrated According to AAA Rules ........ 11

III. ALTERNATIVELY, THE COURT SHOULD GRANT SUMMARY JUDGMENT BECAUSE THE PARTIES HAVE NO AGREEMENT TO ARBITRATE ........ 11

IV. THE COURT SHOULD DISMISS OR STRIKE THE CLASS ALLEGATIONS FROM THE COMPLAINT ........ 13

V. CONCLUSION ........ 16



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bernal v. Kohl's Corp.*,
No. ED CV 23-1779 PA (SHKx), 2023 WL 8008977 (C.D. Cal. Nov. 17, 2023)............15

*Billie v. Coverall North America, Inc.*,
No. 22-718-cv, 2023 WL 2531396 (S.D.N.Y. Mar. 15, 2023)..........................................8

*Brown v. Peregrine Enterprises, Inc.*,
No. 22-2959, 2023 WL 8800728 (2d Cir. Dec. 20, 2023)..................................................8

*Burrows Paper Corp. v. Moore & Associates*,
No. 6:07-CV-62, 2007 WL 2089682 (N.D.N.Y. July 20, 2007) ......................................15

*Century Surety Co. v. Acer Hotel*,
No. 3:13-cv-00593-WHA, 2013 WL 3575546 (N.D. Cal. July 12, 2013) .......................11

*City of Springfield v. Washington Public Power Supply System*,
752 F.2d 1423 (9th Cir. 1985) ..........................................................................................11

*Coinbase, Inc. v. Suski*,
602 U.S. 143 (2024)............................................................................................................9

*Dasher v. RBC Bank (USA)*,
745 F.3d 1111 (11th Cir. 2014) ...................................................................................13, 14

*Enderlin v. XM Satellite Radio Holdings, Inc.*,
No. 4:06-CV-0032 GTE, 2008 WL 830262 (E.D. Ark. Mar. 25, 2008) ..........................14

*Frazier v. X Corp.*,
155 F.4th 87 (2d Cir. 2025) .............................................................................................7, 8

*Goetsch v. Shell Oil Co.*,
197 F.R.D. 574 (W.D.N.C. 2000)......................................................................................14

*Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles*,
No. 11-CV-298 JLS (NLS), 2011 WL 4102224 (S.D. Cal. Sept. 14, 2011) .....................12

*Howsam v. Dean Witter Reynolds, Inc.*,
537 U.S. 79 (2002)...........................................................................................................5, 7

*Jones v. Starz Entertainment LLC*,
129 F.4th 1176 (9th Cir. 2025) ............................................................................................6



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Khelalfa v. General Electric Co.*,
No. 1:19-cv-10727-MKV, 2021 WL 11660920 (S.D.N.Y. Mar. 22, 2021) ......................15

*Large v. Hilton*,
No. CV-11-1127-PHX-GMS, 2012 WL 1344356 (D. Ariz. Apr. 18, 2012) .....................13

*Laster v. T-Mobile USA, Inc.*,
No. 05cv1167 DMS (AJB), 2008 WL 5216255 (S.D. Cal. Aug. 11, 2008) ......................14

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*,
363 F.3d 1010 (9th Cir. 2004) ....................................................................7, 8, 10

*McCumbee v. M Pizza, Inc.*,
No. 3:22-CV-128, 2023 WL 2725991 (N.D. W. Va. Mar. 30, 2023) ...............................14

*Mosley v. Wells Fargo & Co.*,
No. 23-55478, 2024 WL 977674 (9th Cir. Mar. 7, 2024)....................................................7

*In re National Football League's Sunday Ticket Antitrust Litigation*,
No. ML 15-2668 PSG (JEMx), 2021 WL 2350814 (C.D. Cal. Apr. 20, 2021)................14

*Pilon v. Discovery Communications, LLC*,
769 F. Supp. 3d 273 (S.D.N.Y. 2025)...........................................................12, 14

*Schonfeld v. Sunshine Auto Sales Inc.*,
No. CV-20-08303-PCT-DLR, 2021 WL 268776 (D. Ariz. Jan. 27, 2021) .......................15

*Services, Inc. v. Old Colony Motors, Inc.*,
588 F.3d 884 (5th Cir. 2009) ..........................................................................7, 8

*Simula, Inc. v. Autoliv, Inc.*,
175 F.3d 716 (9th Cir. 1999) ..........................................................................12

*State of New Hampshire v. Maine*,
532 U.S. 742 (2001)..........................................................................................13

*Tatsuuma Kisen Kabushiki Kaisha v. Prescott*,
4 F.2d 670 (9th Cir. 1925) ..............................................................................9

*Trudeau v. Google LLC*,
816 F. App'x 68 (9th Cir. 2020) ......................................................................11

*United Financial Casualty Ualty Co. v. Coleman*,
173 Wash. App. 463 (2012)...............................................................................11

*Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University* ,
489 U.S. 468 (1989)..........................................................................................9



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Walker v. U.S. E.P.A.*,
802 F. Supp. 1568 (S.D. Tex. 1992) ....................11

*Wallrich v. Samsung Electronics America, Inc.*,
106 F.4th 609 (7th Cir. 2024) ....................7, 8, 10

*Webster v. Royal Caribbean Cruises, Ltd.*,
124 F. Supp. 2d 1317 (S.D. Fla. 2000) ....................15

*Wells Fargo Bank, N.A. v. Akopyan*,
No. 21-55280, 2022 WL 474158 (9th Cir. Feb. 16, 2022) ....................11

**STATUTES**

9 U.S.C. § 4 ....................12

9 U.S.C. §§ 1, 2 ....................9



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I. PRELIMINARY STATEMENT

Valve submits this reply in further support of its Motion to Dismiss or for Summary Judgment or to Strike Class Allegations ("Mot.").[1] Plaintiff's Opposition ("Opp.") confirms that this action may not proceed as a matter of law.

*First*, the relief Plaintiff seeks—an order compelling Valve to pay arbitral fees—is unavailable under the FAA and state common law. Under the FAA, fee disputes are procedural questions reserved for the arbitrator, not this Court. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). Plaintiff charges that "the parties agreed to override AAA rules and allocated all arbitration fee responsibility to Valve." (Opp. 3.) Not so. The parties' prior agreement—the Superseded SSA, the one with the arbitration provision—dealt only with reimbursement by Valve *to consumers* of their "share" of fees and costs but said nothing about Valve's obligations *to the AAA*, if any, with respect to invoices directed to Valve. In any event, that agreement cannot change the fact that under the FAA, the Court lacks power to resolve a fee dispute and, even if state common law applied, specific performance would not be available. Plaintiff cites no authority to the contrary.

*Second*, even assuming that Valve and Plaintiff were currently parties to an agreement to arbitrate—which they are not—Plaintiff alleges no breach of such an agreement by Valve. The Superseded SSA that previously bound Valve and Plaintiff, which did provide for arbitration, required that any such arbitration proceed under AAA rules. Those rules delegate fee issues to the AAA. The Superseded SSA did not require Valve to pay anything other than to *reimburse* certain consumer fees. Plaintiff does not seek reimbursement here (and in fact Valve has already reimbursed Plaintiff's filing fees). Because Plaintiff cannot identify any breach of the agreement he invokes, he fails to state any claim.

*Third*, the Court should enter summary judgment because no agreement to arbitrate presently exists. There is no genuine dispute that Plaintiff assented to the Current SSA and that the

---

[1] Capitalized terms have the meanings ascribed to them in Valve's Motion. All emphases are added and internal citations, quotations, and alterations are omitted unless otherwise stated.



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Current SSA requires Plaintiff to proceed in Court. The discovery Plaintiff claims to need is irrelevant to those matters and indeed no discovery is required here.

*Fourth*, Plaintiff's class allegations should be stricken. Here, Plaintiff seeks specific performance of an arbitration provision. He cannot do that on a class basis because the superseded arbitration provision he seeks to invoke contains a class action waiver.[2]

## II. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE RELIEF PLAINTIFF SEEKS IS NOT AVAILABLE

### A. This Court Lacks Authority To Grant Plaintiff's Requested Relief Because Fee Disputes Are Procedural and Solely Within the Purview of the AAA

#### 1. The FAA Forecloses Plaintiff's Claims Because the FAA Does Not Authorize Courts To Address Fee Disputes and Other Questions of Arbitration Procedure

Even if the parties had an arbitration agreement, the Complaint would fail to state a claim because this Court lacks authority to order Valve to pay AAA fees. (Mot. 12-15.) Plaintiff argues that "Valve's SSA unequivocally shifts all responsibility for arbitration fees and costs to Valve" and that "[b]y agreeing to this provision, the parties elected to override AAA's fee allocation rules." (Opp. 6.) Plaintiff further states that "[w]hen AAA bills fees to Valve, the arbitration agreement requires payment." (*Id.* at 7; *see also* Opp. 2-3, 6-7, 10, 12 (claiming "the parties explicitly agreed to override AAA's rules and discretion and allocate all arbitration fee responsibility to Valve").) Those claims are demonstrably false and legally irrelevant.

To begin, Plaintiff mischaracterizes the Superseded SSA. Section 11 of the Superseded SSA provides: "If you seek $10,000 or less, Valve agrees to promptly **reimburse** your filing fee and **your share** if any of AAA's arbitration costs, including arbitrator compensation, **unless** the arbitrator determines your claims are frivolous or were filed for harassment." (Compl. Ex. A § 11.) By its plain terms, this provision places no affirmative payment obligation on Valve other than

[2] While Plaintiff attempts to defend his counsel's mass arbitration scheme (Opp. 16), the Ninth Circuit has questioned it in similar circumstances. *See Jones v. Starz Ent. LLC*, 129 F.4th 1176, 1183 (9th Cir. 2025) ("cast[ing] serious doubt over the true motivation underlying the mass-arbitration tactic deployed [t]here, which appears to be geared more toward racking up procedural costs to the point of forcing [defendant] to capitulate to a settlement than proving the allegations . . . to seek appropriate redress on the merits").



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**reimbursement** to the consumer of fees and costs the consumer has paid. This provision says nothing about Valve's obligation to pay invoices the AAA directs to Valve for Valve's share—not the consumer's share—of administrative fees. It is therefore irrelevant to the $20.8 million invoice at issue.

The Superseded SSA does not override AAA rules related to resolving fee disputes; rather, it provides that the "arbitration will be governed by the Consumer Arbitration Rules." (Compl. ¶¶29-30; *id.* ¶47 (alleging AAA issued $20.8 million invoice according to its "rules, and fee schedules").) The Consumer Arbitration Rules empower the AAA to "handl[e] fees associated with the arbitration," including remedies in the event of non-payment. (Ex. 8 at 6; *see* Mot. 14.) By stating that Valve will "reimburse" Plaintiff's "filing fee" and his "share if any of AAA's arbitration costs, including arbitrator compensation," the provision assumes the AAA will invoice each party according to its rules. (Compl. Ex. A § 11; Compl. ¶¶35, 44.) If, as Plaintiff claims, the Superseded SSA "explicitly allocate[d] all arbitration fees to Valve," then there would be no need for reimbursement because the AAA would not issue any invoices to consumers in the first place. (Opp. 12.)

In any event, there is no allegation (or basis to assert) that the Superseded SSA displaced the AAA's authority to resolve fee disputes. Under the FAA, courts decide only "gateway" issues of arbitrability, while leaving "procedural questions which grow out of the dispute" to the arbitration administrator or arbitrator. *See Howsam*, 537 U.S. at 84; *Mosley v. Wells Fargo & Co.*, 2024 WL 977674, at *1 (9th Cir. Mar. 7, 2024). "Procedural questions" left to the arbitration administrator or arbitrator include disputes over arbitrator fees, whether assessed under AAA rules or the parties' agreement. *See, e.g.*, *Frazier v. X Corp.*, 155 F.4th 87 (2d Cir. 2025); *Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609 (7th Cir. 2024); *Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884 (5th Cir. 2009); *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010 (9th Cir. 2004).

Contrary to Plaintiff's assertion, none of the cases Valve cites depends on the parties' "specifically delegat[ing] fee allocation disputes to arbitrators" since they "had not contracted



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

otherwise." (Opp. 12.) Rather, those cases chiefly turn on the courts' limited role under the FAA and the delegation of procedural issues to arbitrators. *See, e.g.*, *Wallrich*, 106 F.4th at 620 (motion to compel arbitration and pay fees "was outside the district court's authority" because "procedural issues, like fee disputes," are for an arbitrator); *Dealer Computer*, 588 F.3d at 888 ("conditions precedent to arbitration" such as the payment of fees "are procedural issues left to the discretion of the arbitrators"); *Lifescan*, 363 F.3d at 1012 ("the district court's role is limited to determining whether a valid arbitration agreement exists"). The same principles apply here. Indeed, in *Frazier*, the parties' agreement required apportionment of arbitration fees between the parties, which conflicted with JAMS Rules requiring an employer to pay all fees except the case initiation fee. 155 F.4th at 90-92. Notwithstanding the parties' specific agreement about fee allocation, the court refused to order payment of the fees because it saw "no role for a court to involve itself" and "interpret the parties' agreement, the arbitrators' rules, or both—interpretations that would otherwise . . . presumptively be reserved for the arbitrator." *Id.* at 100.

Significantly, Plaintiff cites no case where a court ordered a party to pay arbitration fees. Plaintiff cites *Brown v. Peregrine Enters., Inc.*, 2023 WL 8800728 (2d Cir. Dec. 20, 2023), and *Billie v. Coverall N. Am., Inc.*, 2023 WL 2531396 (S.D.N.Y. Mar. 15, 2023), to argue that the FAA mandates enforcement of arbitration agreements, including fee allocation provisions. (Opp. 11-12.) But the courts in *Brown* and *Billie* considered whether to lift a stay of litigation in court after one party refused to pay AAA fees. They did not consider whether to order a party to pay arbitral fees in the arbitral forum.

Plaintiff argues that this is not a fee dispute that turns on "AAA procedures" but a dispute that turns on "the unambiguous terms" of the Superseded SSA. (Opp. at 7.) Even if that were so, there would be no role for the Court. Absent agreement otherwise, arbitration administrators and arbitrators decide procedural issues within the arbitration, including who pays what fees and the consequences of not paying, even if doing so involves interpreting or applying the parties' contract. *See Frazier*, 155 F.4th at 100 (refusing to interpret parties' contract as it pertained to arbitration fees). Nothing in the Superseded SSA suggests that the parties intended a court to resolve fee



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

disputes, and Plaintiff argues nothing to the contrary.

Plaintiff argues that Valve's citation in its summary judgment motion to *Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024), contradicts this position. It does not. Valve's motion to dismiss demonstrates that the Court lacks power under the FAA to grant the relief Plaintiff seeks. Should the Court deny Valve's motion to dismiss, Valve's motion for summary judgment raises the threshold gateway issue that *Coinbase* makes clear is only for a court to decide: whether the parties have an arbitration agreement. But this Court need not decide whether the parties are or are not still bound by the Superseded SSA to decide that it lacks the power to grant the relief Plaintiff requests under the Superseded SSA.

**2. State Law Does Not Apply Here, Nor Does It Provide Plaintiff With Any Basis for Relief**

Plaintiff does not dispute that the FAA applies here. (Opp. 16.) Instead, Plaintiff argues that the "FAA does not preempt all state contract law, only those laws that discriminate against arbitration agreements." (Opp. 15.) That is irrelevant: state common law, whether preempted or not, would not authorize the relief Plaintiff seeks. Plaintiff purports to seek specific performance; under the state common law he seeks to invoke, that relief is and always has been unavailable. *See Tatsuuma Kisen Kabushiki Kaisha v. Prescott*, 4 F.2d 670, 672-73 (9th Cir. 1925).

*Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University* does not help Plaintiff. 489 U.S. 468 (1989). There, the Court considered the question "whether application of Cal. Civ. Proc. Code Ann. § 1281.2(c) to stay arbitration. . . in interstate commerce, in accordance with the terms of the arbitration agreement itself, would undermine the goals and policies of the FAA." *Id.* at 477-78. The Court concluded that application of Section 1281.2 would not undermine the FAA because "the parties ha[d] chosen in their agreement to abide by the state rules of arbitration." *Id.* at 478-79. Thus, unless the parties agree otherwise, the FAA applies to arbitration agreements involving interstate commerce, and federal courts are bound to apply it. *See* 9 U.S.C. §§ 1, 2. The parties in *Volt* agreed to apply state rules of arbitration; the Superseded SSA provides that the FAA "governs arbitration." (Compl. Ex. A § 10.)



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff asserts that "Valve's argument that arbitration agreements are unenforceable at common law relies on obsolete authority that predates the FAA's 1925 enactment reflecting the judicial hostility toward arbitration that Congress explicitly rejected." (Opp. 15.) But the FAA did not (and could not) change the common law; it provided a federal statutory remedy where the common law provided none. (Mot. 16.) Plaintiff cites no case in which a court ordered specific performance of an arbitration agreement under state common law, either before or after the FAA.

### B. Plaintiff Cannot Plead a Breach of Any Arbitration Agreement Because the Complaint Admits that Valve Has Arbitrated According to AAA Rules

Plaintiff asserts that the Complaint "easily satisfies" the requirements for pleading Plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing. (Opp. 9.) Not so. Plaintiff cannot allege that Valve breached any term of the Superseded SSA. (*See* Mot. 16-18.) The Superseded SSA says nothing about Valve's obligation to pay invoices directed at it. (*Id.*) It provides only that Valve is required to ***reimburse*** certain consumers for "your share." Here, the $20.8 million invoice is not directed at consumers as their "share" and Plaintiff neither paid the $20.8 million invoice nor sought reimbursement from Valve. Regardless, the fee dispute was submitted to the AAA under the terms of the Superseded SSA, and that agreement granted the AAA the sole authority to address it. *See Lifescan*, 363 F.3d at 1013 (party did not fail to arbitrate when arbitration was terminated according to AAA rules); *Wallrich*, 106 F.4th at 620 (same). Accordingly, Plaintiff has not alleged (and cannot allege) any breach of that contract.

## III. <u>ALTERNATIVELY, THE COURT SHOULD GRANT SUMMARY JUDGMENT BECAUSE THE PARTIES HAVE NO AGREEMENT TO ARBITRATE</u>

Summary judgment is appropriate because the parties have no arbitration agreement. Plaintiff's Opposition concedes that he agreed to the Current SSA, which removed the arbitration provision from the Superseded SSA. (Opp. 3 ("Valve's revised Agreement may apply prospectively to claims arising after its issuance.").) Indeed, Plaintiff expressly and affirmatively agreed to the Current SSA when, on September 27, 2024, he checked the box in the Pop-up Notice stating, "I Agree to the Updated Steam Subscriber Agreement" and clicked "Accept Updated SSA," after receiving conspicuous notice of the amendment. (Lynch Decl. ¶ ¶8-13, 21-22.)

Plaintiff submitted no declaration or other evidence disputing these facts. Nor does he dispute that the plain language of the Current SSA applies retroactively to cover his arbitration. (Mot. 23.)

Instead, Plaintiff argues through an attorney declaration that summary judgment is premature and that Plaintiff "should be granted leave to conduct discovery on Valve's actions and intent in amending the SSA." (Opp. 16, 18.) The Court should reject Plaintiff's discovery request for numerous reasons:

*First*, summary judgment may be granted without discovery "where discovery would be futile." *Wells Fargo Bank, N.A. v. Akopyan*, 2022 WL 474158, at * 1 (9th Cir. Feb. 16, 2022); *see also Walker v. U.S. E.P.A.*, 802 F. Supp. 1568, 1576 (S.D. Tex. 1992) ("When the discovery sought is irrelevant to the court's consideration of a pending motion, summary judgment can and should be granted without discovery."). Valve's motion for summary judgment is premised solely on whether (i) Plaintiff entered into the Current SSA; and (ii) the Current SSA applies to foreclose Plaintiff's arbitration. (Mot. 19-22.) Discovery into Valve's "actions and subjective intent" in amending the SSA are irrelevant to both questions. *See City of Springfield v. Washington Public Power Supply Sys.*, 752 F.2d 1423, 1427 (9th Cir. 1985) ("A request for discovery may be denied when it is not relevant to the issues presented on a motion for summary judgment.").

Valve's subjective intent has no bearing on whether the parties agreed to the Current SSA or agreed that it applies to Plaintiff's arbitration—that is an objective question. *See United Fin. Cas. Co. v. Coleman*, 173 Wash. App. 463, 473 (2012) ("'[I]]n determining the mutual intention of contracting parties, the unexpressed, subjective intentions of the parties are irrelevant; the mutual assent of the parties must be gleaned from their outward manifestations.'"); *Century Sur. Co. v. Acer Hotel*, 2013 WL 3575546, at *4 (N.D. Cal. July 12, 2013) (granting motion for summary judgment and denying request to "conduct discovery into the subjective intent of the underwriters" because "'[e]vidence of the *undisclosed* subjective intent of the parties is irrelevant to determining the meaning of contractual language'").

Likewise, Valve amended the SSA in good faith, but Valve's good faith is not at issue. *See e.g.*, *Trudeau v. Google LLC*, 816 F. App'x 68, 70 n.1 (9th Cir. 2020) (duty of good faith and fair



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

dealing not implicated when plaintiff "'had expressly agreed to' the 2017 TOS"); *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273, 295 (S.D.N.Y. 2025) (similar). Here, Plaintiff does not dispute that he expressly agreed to the Current SSA. (Lynch Decl. ¶¶ 21-22.) Regardless, Valve has established its good faith; the SSA was updated in response to arbitrator rulings concluding that the arbitration clause in the Superseded SSA was unenforceable and the subsequent filing of a class action complaint that used those rulings as a basis to assert a nationwide class action in lieu of individual arbitration proceedings. (Mot. 10-11.) Plaintiff cites no authority suggesting that the discovery he seeks is relevant to the Court's resolution of Valve's Motion one way or the other.

*Second*, the FAA expressly restricts discovery to "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same." 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (affirming district court's denial of pre-arbitration discovery); *see also Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles*, 2011 WL 4102224, at *2 (S.D. Cal. Sept. 14, 2011) (permitting limited discovery when "the making of the arbitration agreement is in issue" but refusing to give Plaintiff "license to embark on a fishing expedition" that "is surely inappropriate at this stage of the proceedings"). The discovery Plaintiff seeks is irrelevant to these issues. The Court should deny it and instead grant summary judgment.

## IV. <u>THE COURT SHOULD DISMISS OR STRIKE THE CLASS ALLEGATIONS FROM THE COMPLAINT</u>

Should the Court allow this case to go forward, it may only proceed as to Plaintiff's individual claim. Plaintiff does not dispute that (i) the arbitration provision of the Superseded SSA which he seeks to enforce via specific performance had a class action waiver, (ii) such waivers are enforceable, or (iii) the class action waiver here bars his class claims. While Plaintiff argues that Rule 12(f) motions to strike are disfavored, he cites no authority for this position *and* ignores that Valve also brought its motion under Rule 12(b)(6) and Rule 23(d)(1)(D). (Opp. 20.) Plaintiff does not dispute or engage with the authorities Valve cited demonstrating that courts regularly dismiss class claims or strike class allegations when the parties' agreement has a class action waiver. (Mot.



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

24-25.) His other contentions have no merit:

*First*, Plaintiff argues that judicial estoppel bars Valve's motion to strike the class allegations from the Complaint. That is wrong. Judicial estoppel provides that when "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *State of New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Here, Valve has not done that. Its position is straightforward: either the Current SSA applies, in which case Plaintiff has no claim, or the Superseded SSA applies, in which case Plaintiff has at best an individual claim and may only seek to compel Valve to pay $1,400 on behalf of himself, not $20.8 million on behalf of a putative class of consumers. (Mot. 25.) Judicial estoppel does not bar parties from making arguments in the alternative. *See e.g.*, *Large v. Hilton*, 2012 WL 1344356, at *8 (D. Ariz. Apr. 18, 2012) ("[P]arties are not barred from making arguments in the alternative in their briefing papers; judicial estoppel is only applicable when a party 'has succeeded in persuading a court to accept that party's earlier position.'").

*Second*, Plaintiff argues, again without citation to authority, that the Current SSA cannot "retroactively abolish accrued arbitration rights or claims, and any such retroactive enforcement would be unconscionable." (Opp. 19-20.) On the contrary, it is well settled that a dispute resolution provision in an updated agreement is enforceable with respect to accrued and already asserted claims where the updated agreement expressly provides for retroactive effect.

In *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1127 (11th Cir. 2014), for example, the Eleventh Circuit concluded that a new agreement without an arbitration clause superseded and applied retroactively to foreclose arbitration under a prior agreement containing an arbitration clause. Although the claim there was asserted when the agreement had an arbitration clause, the court reasoned that the parties "expressed their clear and definite intent to execute" the new agreement "to supersede" the prior agreement, and that intent controlled. *Id.* at 1117. It rejected the contention that "[t]here is . . . no statutory authorization permitting parties to *remove* from arbitration an existing controversy." *Id.* at 1125. The court reasoned that, because "arbitration is



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

simply a matter of contract," courts "should simply enforce the parties' agreements, whether that means adding a retroactively applicable arbitration provision *or* removing it." *Id.*

Similarly, in *Pilon*, 769 F. Supp. 3d at 289-90, a federal court in New York denied a motion to compel arbitration under a superseded arbitration agreement because the petitioner (i) unambiguously assented to a new agreement that changed the arbitration forum and (ii) had inquiry notice of the retroactive arbitration provisions. The court thus enforced the new agreement even though the claims accrued and were noticed before the parties entered into the new agreement.

Other courts have consistently applied amended dispute resolution provisions retroactively when the agreement's language expresses that intent. *See, e.g., In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2021 WL 2350814, at *4 (C.D. Cal. Apr. 20, 2021) (enforcing agreement revised two years after suit filed); *Laster v. T-Mobile USA, Inc.*, 2008 WL 5216255, at *6 (S.D. Cal. Aug. 11, 2008) (agreement that "retrospectively modif[ied] the original service contract after the present litigation had already begun" nonetheless applied); *Enderlin v. XM Satellite Radio Holdings, Inc.*, 2008 WL 830262, at *7 (E.D. Ark. Mar. 25, 2008) (collecting cases applying amended agreements to on-going litigation); *Goetsch v. Shell Oil Co.*, 197 F.R.D. 574, 577 (W.D.N.C. 2000) (compelling individual arbitration based on provision that had been revised to add a class waiver after the commencement of litigation and holding that new agreement applied where "[t]he agreement clearly provides for retroactive effect"); *McCumbee v. M Pizza, Inc.*, 2023 WL 2725991, at *10 (N.D. W. Va. Mar. 30, 2023) (compelling arbitration after plaintiff signed arbitration agreement while employment class action he initiated was pending).

Here, the Current SSA expressly provides that it applies to "all disputes and claims between [the user] and Valve (**including any dispute or claim that arose before the existence of this or any prior agreement**)." (Ex. A § 10.) It also provides: "This Agreement…constitutes and contains the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior oral or written agreements." (*Id.* § 11.)



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff argues that "the forum selection clause in Valve's current Agreement cannot be applied retroactively to claims accrued before its enactment," but that "Plaintiff does not contest that Valve's revised Agreement may apply prospectively to claims arising after its issuance." (Opp. 3.) But Plaintiff cannot sue for breach of the Superseded SSA and seek its specific performance while simultaneously arguing that the forum selection clause in a different agreement applies to his claims. Either the Superseded SSA applies in its entirety, including the class action waiver, or it does not. *See Bernal v. Kohl's Corp.*, 2023 WL 8008977, at *3 (C.D. Cal. Nov. 17, 2023) ("Petitioners cannot pick and choose the provisions in the Terms and Conditions that they would like to rely on and those they would like to ignore."); *see also Khelalfa v. Gen. Elec. Co.*, 2021 WL 11660920, at *5 (S.D.N.Y. Mar. 22, 2021) ("Plaintiff cannot have it both ways" by asserting rights under the agreement while, on the other hand, arguing he is not bound by its plain terms); *Schonfeld v. Sunshine Auto Sales Inc.*, 2021 WL 268776, at *2 (D. Ariz. Jan. 27, 2021) (plaintiff cannot sue to enforce provisions of agreement but deny applicability of forum selection clause); *Burrows Paper Corp. v. Moore & Assocs.*, 2007 WL 2089682, at *3 (N.D.N.Y. July 20, 2007) (it would "defy logic" to allow plaintiff to enforce some terms of an agreement while denying its obligations under the forum selection clause); *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1324 (S.D. Fla. 2000) (plaintiff "cannot be permitted to pick and choose the provisions of the [contract] he wishes to enforce and those he wishes to ignore").

*Finally*, Plaintiff contends—once again without support from authority—the removal of the arbitration agreement was unconscionable because it was a "unilateral" modification. (Opp. 20.) As explained above, in Part III, the SSA amendment was not "unilateral"; Plaintiff expressly agreed to it by checking the box in the Pop-Up Notice stating: "I agree to the Updated Steam Subscriber Agreement" and then clicking "Accept Updated SSA." (Lynch Decl. ¶¶ 21-22.)

## V. <u>CONCLUSION</u>

For the foregoing reasons, Valve respectfully requests that the Court dismiss this action in its entirety (or, if it does not dismiss the action in its entirety, dismiss or strike Plaintiff's class allegations).



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: November 12, 2025

I certify that this memorandum contains 4,187 words, in compliance with the Local Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Pro Hac Vice Forthcoming*
Meredith C. Slawe, *Pro Hac Vice Forthcoming*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Defendant Valve Corporation*