The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY SMITH, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | No. 2:25-cv-01478<br><br><u>CLASS ACTION</u><br><br>DEFENDANT'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO STRIKE CLASS ALLEGATIONS<br><br>NOTE ON MOTION CALENDAR: November 12, 2025<br><br>ORAL ARGUMENT REQUESTED |



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Valve submits this reply in further support of its Request for Judicial Notice and Incorporation by Reference ("Request").[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Valve requested that the Court consider Exhibits 1 through 9 attached to the Marks-Dias Declaration and submitted in support of Valve's Motion because each Exhibit is either incorporated by reference into the Complaint or subject to judicial notice. For the reasons explained below, Plaintiff's Response to Valve's Request ("Response") does not provide any reason for this Court to deny Valve's Request or to exclude Exhibits 1 through 7 from its consideration.

## I. THE COURT SHOULD CONSIDER EXHIBIT 3 BECAUSE IT IS INCORPORATED BY REFERENCE IN THE COMPLAINT

Plaintiff does not dispute that Exhibit 3 is properly subject to incorporation by reference. In fact, Plaintiff "agrees that [it] is appropriate" for this Court to consider Exhibit 3 under the incorporation by reference doctrine. (Resp. 3.) Nevertheless, Plaintiff argues that the Court should exclude Valve's purported "misuse" of Exhibit 3 because Valve "uses Exhibit 3 to introduce facts that are neither alleged by the Complaint nor supported by the document." (*Id.*) Plaintiff misunderstands the doctrine of incorporation by reference.

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," the "defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)"). It is therefore irrelevant that some facts from Exhibit 3 were not

---

[1] Capitalized terms used herein have the meanings ascribed to them as in Valve's Request. All emphases are added and internal citations, quotations, and alterations are omitted unless otherwise stated.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

alleged in the Complaint. "[A]rtful pleading by plaintiffs" is precisely what the incorporation by reference doctrine aims to prevent. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims") (*id.* at 1002).

Here, Exhibit 3 supports Valve's arguments. Exhibit 3 is an email from the AAA, which states: "Regarding the 14,911 cases for which Respondent did not remit the AAA Case Management fees, the AAA will place these cases in abeyance pending a Court's Ruling ***in accordance with Claimants' request***." (Ex. 3 (emphasis added).) This plainly states that the AAA placed the arbitrations "in abeyance" at "Claimants' request," not because the AAA sought a court ruling. That language is clear and cannot be subject to any other interpretation. Accordingly, the Court should consider the entirety of Exhibit 3 for a complete understanding of the facts.

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-2 AND 4-9

*Exhibits 8 and 9:* Plaintiff "does not oppose the Court taking judicial notice of" Exhibits 8 or 9, which are copies of the AAA Consumer Arbitration Rules and Mass Arbitration Supplementary Rules. (Resp. 2.) Thus, the Court can take judicial notice of Exhibits 8 and 9.

*Exhibits 1, 2,4, 5, 6, and 7:* Plaintiff does not dispute that Exhibits 1-2 and 4-7 are public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Thus, Plaintiff concedes that they satisfy the standard for judicial notice. Plaintiff complains that these exhibits are not "relevant to the disposition of the issues in the Motion" or that Valve uses these exhibits to "support 'facts' discordant with the bases for judicial notice." (Resp. 3-4.) But "[t]he standard for relevance is a very low bar that is easily met." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Doyle*, 2025 WL 1755821, at *4 (E.D. Cal. June 25, 2025); *see also Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1063 n.4 (W.D. Wash. 2024), *modified on reconsideration,* 2024 WL 3199860 (W.D. Wash. June 26, 2024) (granting request for judicial notice even where defendant argued that the document was



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

not relevant to the analysis the court must undertake and the court found it unnecessary to refer to the document in its analysis). Each of these Exhibits readily clears that very low bar:

- Exhibits 1 and 2, Mason LLP's UCC Financing Statements, are relevant to show the true purpose of this action: to further Mason LLP's scheme to extract a windfall settlement from Valve.
- Exhibits 4-7 are publicly available court filings from proceedings that are directly related and relevant to the matters at issue in this action, including because those proceedings are brought by the same counsel representing Plaintiff here seeking the same relief as that sought in this action. Plaintiff states that Valve's use of Exhibit 7 is not "remotely appropriate for judicial notice," but does not provide any explanation or reason why. (Resp. 4.)

Therefore, the Court should take judicial notice of each of those Exhibits.

In any event, Valve's Motion to Dismiss should be granted regardless of whether the Court takes judicial notice of these Exhibits.

## III. CONCLUSION

For the foregoing reasons, Valve respectfully requests that the Court consider, in ruling on Valve's Motion, the Exhibits attached to the Marks-Dias Declaration dated October 14, 2025, Dkt. 16.



**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: November 12, 2025

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Pro Hac Vice Forthcoming*
Meredith C. Slawe, *Pro Hac Vice Forthcoming*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Defendant Valve Corporation*